1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
5
6  Jason Vener, SBN: 267941
        E-mail: jvener@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 115
8  Woodland Hills, California  91367
   Telephone:  (818) 888-7540
9  Facsimile:   (818) 888-7544

10
11 Attorneys for Plaintiff
   MONSTER CABLE PRODUCTS, INC.
12

13                    UNITED STATES DISTRICT COURT
14
                      CENTRAL DISTRICT OF CALIFORNIA
15

16 MONSTER CABLE PRODUCTS, INC.      Case No. CV 10-10017 (AHM PLAx)
17 a California Corporation,
18                    Plaintiff,       COMPLAINT FOR DAMAGES
19                                      AND DECLARATORY RELIEF:
        vs.
20                                      (1) FEDERAL TRADEMARK
21 ROBERT KAPLUN, an Individual, and       INFRINGEMENT [15 *U.S.C.* §
22 Does 1-10, Inclusive,                    1114/*Lanham Act* §43(a)]
                                        (2) FALSE DESIGNATION OF
23                    Defendants            ORIGIN/UNFAIR
24                                          COMPETITION/FALSE OR
                                            MISLEADING ADVERTISING
25                                          [15 *U.S.C.* §1125(a)];
26                                      (3) TRADEMARK DILUTION [15
                                            *U.S.C.* §1125(c)];
27                                      (4) UNFAIR BUSINESS
28                                          PRACTICES [*CALIFORNIA*

**BUSINESS & PROFESSIONS
CODE §17200];
(5) UNJUST ENRICHMENT;
(6) DECLARATORY RELIEF;**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MONSTER CABLE PRODUCTS, INC. (hereinafter "Plaintiff"), hereby alleges as follows:

## PARTIES

1.     Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California Corporation, duly authorized and licensed to conduct business in the state of California, with its principal place of business in Brisbane, California.

2.     Plaintiff alleges, on information and belief, that ROBERT KAPLUN (hereinafter "Defendant") is now, and was at the time of the filing of this Complaint, an individual residing at 491 Merrick Road, Suite A14, Oceanside, New York 11572.

3.     Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringes on the registered trademarks of Plaintiff.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

///

///

1      5.    Plaintiff further alleges that Defendant, and Does 1-10, inclusive, sued

2  herein by fictitious names are jointly, severally and concurrently liable and

3  responsible with the named Defendant upon the causes of action hereinafter set

4  forth.

5      6.    Plaintiff is informed and believes and thereon alleges that at all times

6  mentioned herein Defendant, and Does 1-10, inclusive, and each of them, were the

7  agents, servants and employees of every other Defendant and the acts of each

8  defendant, as alleged herein, were performed within the course and scope of that

9  agency, service or employment.

10  **JURISDICTION/VENUE**

11      7.    This Court has jurisdiction over the subject matter of the First and

12  Second Causes of Action (violation of the Lanham Act) pursuant to 15 U.S.C.

13  §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

14      8.    This Court has personal jurisdiction over Defendant since Defendant

15  has committed acts of trademark infringement and unfair competition in this

16  district and/or Defendant has sufficient minimum contacts with this district to such

17  that the exercise of jurisdiction over Defendant by this Court does not offend

18  traditional notions of fair play and substantial justice. Among other things,

19  Defendant has advertised, offered to sell and has sold products that infringe the

20  trademarks of Plaintiff to consumers within this judicial district. Defendant has

21  also offered to sell and actually sold counterfeit products (described more fully

22  below) using an interactive internet website and knowing or having reason to know

23  that consumers throughout the United States, including within this judicial district,

24  would purchase said counterfeit goods from Defendant, believing that they were

25  authentic goods manufactured and distributed by Plaintiff or its authorized

26  manufacturers.

27      9.    Additionally, supplemental jurisdiction exists over Defendant because

28  on information and belief, Defendant conducts business in California and in this

1   judicial district, have purposefully directed action to California and this district, or
2   have otherwise availed themselves of the privileges and protections of the laws of
3   the State of California, such that this Court's assertion of jurisdiction over
4   Defendants does not offend traditional notions of fair play and due process.

5       10.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because
6   on information and belief, a substantial part of the events or omissions giving rise
7   to the claim occurred in this judicial district, and has caused damages to Plaintiff in
8   this district.

9                           **GENERAL ALLEGATIONS**

10      11.    Plaintiff is the world's leading manufacturer of high performance
11  cables that connect audio/video components for home, car and professional use as
12  well as computers and computer games. Plaintiff also manufactures best-selling
13  lines of headphones, speakers, and music production components, which are
14  indispensable for music lovers, audiophiles, recording studios, sound professionals,
15  musicians, custom-installers and home theatre enthusiasts. Plaintiff's audio cables,
16  headphones, and speakers increase the clarity, dynamics and power of the audio
17  signals that travel through them.

18      12.    Plaintiff's video cables deliver the sharpest, clearest picture possible
19  with naturally vivid color from traditional and digital television, projectors, home
20  theatre and satellite systems. Plaintiff's New Product Development division draws
21  upon years of audio design and critical listening experience, to create the
22  innovative, high performance cables, headphones, speakers, and accessories that
23  make Plaintiff the leader in the industry.   Already holding over 200 U.S. and
24  international patents, Plaintiff is continually striving to discover and develop new,
25  advanced technologies and designs to meet the needs of the ever-advancing
26  consumer electronics industry.  Plaintiff offers over 4000 products and is sold in
27  over 80 countries worldwide.

28      13.    Plaintiff has spent substantial time, money and effort in developing

1    consumer recognition and awareness of its marks.  Plaintiff has spent an enormous
2    amount of money on print and internet advertising in order to inform consumers of
3    the benefits Plaintiff's products.  Through the extensive use of the Plaintiff's marks,
4    Plaintiff has built up and developed significant goodwill in its entire product line.
5    A wide array of newspapers, magazines and television networks has included
6    advertising of Plaintiff's products, which are immediately identified by Plaintiff's
7    marks.

8         14.    Plaintiff's product lines are endorsed and/or utilized by international
9    celebrities such as Dr. Dre, Lady Gaga, Justin Bieber, Sean "Diddy" Combs,
10   Vivienne Tam, Lebron James and Miles Davis.

11        15.    Plaintiff is the exclusive owner of federally-registered and
12   Common law trademarks. The following is a partial (non-exhaustive) list of the
13   registered trademarks owned by Plaintiff (the "Marks"):

14             A.    MONSTER, registered trademark number 2,184,002, for use on
15   or in connection with electrical and musical signal transmitting cable and
16   connectors.

17             B.    M Monster [stylized], registered trademark number 3,671,565,
18   for use on or in connection with electrical and electromagnetic signal transmitting,
19   amplifying, receiving and converting devices, namely, cables, wires, connectors,
20   and control devices for sue with electrical, electronic and computer devices;
21   loudspeakers; stereo amplifiers; recording media, namely, pre-recorded compact
22   discs and DVDs featuring audio and video recordings featuring music and
23   entertainment; telephone accessories, namely telephone cables and connectors,
24   telephone headsets, cases for telephones, telephone chargers and voltage surge
25   protectors; mobile phone equipment and accessories, namely mobile telephone
26   cables, electrical power connectors, mobile telephone chargers, mobile telephone
27   headsets, and cases for mobile telephones; computer components and accessories,
28   namely, computer component cables and connectors; audio equipment and

1  accessories, namely, computer component cables and connectors; audio equipment
2  and accessories, namely audio cables and connectors, signal splitters for electrical
3  audio apparatus, speakers, battery chargers, FM radio transmitters, and remote
4  controls for use with audio and video devices and for use with wireless lighting
5  controllers; video equipment and accessories, namely, video cables and connectors,
6  and voltage surge protectors; electronic game equipment and accessories, namely,
7  electronic game cables and connectors; electrical power control components and
8  accessories, namely, power cables, power switches, capacitors, electrical
9  connectors, electric power strips, voltage surge protectors, power amplifiers, circuit
10 chargers, circuit breakers, and electric control devices for energy management;
11 energy conditioning devices, namely, power line conditioners, voltage conditioners,
12 voltage stabilizer, and power noise reduction devices; power cell rechargers;
13 control protocol software featuring interoperability standards, and computer
14 hardware and electrical controllers, for centralized home control, namely, for
15 controlling residential lighting, audio devices and video devices.

16          C.    [Design Mark] registered trademark number 2,799,884, for use
17 on or in connection with electrical and optical cables, wires and connectors for sue
18 with audio and video components.

19          D.    MONSTER [stylized] registered trademark number 2,774,858,
20 for use on or in connection with electrical and optical cables, wires and connectors
21 for use with audio and video components.

22          E.    MONSTER [stylized] registered trademark number 2,724,015,
23 for use on or in connection with electrical cables, connectors and control devices
24 for use with audio and video components;

25          F.    MONSTER CABLE registered trademark number 1,340,229,
26 for use on or in connection with musical and voice signal transmitting cable and
27 connectors;

28 ///

1    G.    [Design Mark] registered trademark number 3,807,024,

2  consisting of a stylized representation of the letter "M" for use on or in connection

3  with headphones.

4    H.    MONSTER CABLE registered trademark number 1,342,164,

5  for use on or in connection with electrical signal transmitting cable and connectors;

6    I.    M1000 registered trademark number 1,513,402, for use on or in

7  connection with electrical signal transmitting cables;

8    J.    [Design Mark] registered trademark number 3,641,404, for use

9  on or in connection with electrical and electromagnetic signal transmitting,

10  amplifying, receiving, and converting devices, namely, cables, wires, and

11  connectors for use with electrical, electronic, and computer devices;

12    K.    [Design Mark] registered trademark number 3,641,405, for use

13  on or in connection with electrical and electromagnetic signal transmitting,

14  amplifying, receiving, and converting devices, namely, cables, wires, and

15  connectors for use with electrical, electronic, and computer devices;

16    L.    MSERIES, registered trademark number 1,623,331, for use on

17  or in connection with electrical signal transmitting cables for home audio and

18  home video systems;

19    M.    [Design Mark] registered trademark number 3,562,252, for use

20  on or in connection with electrical and electromagnetic signal transmitting,

21  amplifying, receiving, and converting devices, namely, cables, wires, and

22  connectors for use with electrical, electronic, and computer devices;

23    N.    [Design Mark] registered trademark number 3,562,253, for use

24  on or in connection with electrical and electromagnetic signal transmitting,

25  amplifying, receiving, and converting devices, namely, cables, wires, and

26  connectors for use with electrical, electronic, and computer devices;

27    O.    [Design Mark] registered trademark number 3,562,255, for use

28  on or in connection with electrical and electromagnetic signal transmitting,

1    amplifying, receiving, and converting devices, namely, cables, wires, and

2    connectors for use with electrical, electronic, and computer devices;

3            P.      [Design Mark] registered trademark number 3,562,256, for use

4    on or in connection with electrical and electromagnetic signal transmitting,

5    amplifying, receiving, and converting devices, namely, cables, wires, and

6    connectors for use with electrical, electronic, and computer devices;

7            Q.      [Design Mark] registered trademark number 3,562,257, for use

8    on or in connection with electrical and electromagnetic signal transmitting,

9    amplifying, receiving, and converting devices, namely, cables, wires, and

10   connectors for use with electrical, electronic, and computer devices;

11           R.      [Design Mark] registered trademark number 3,562,258, for use

12   on or in connection with electrical and electromagnetic signal transmitting,

13   amplifying, receiving, and converting devices, namely, cables, wires, and

14   connectors for use with electrical, electronic, and computer devices;

15           S.      [Design Mark] registered trademark number 3,568,463, for use

16   on or in connection with electrical and electromagnetic signal transmitting,

17   amplifying, receiving, and converting devices, namely, cables, wires, and

18   connectors for use with electrical, electronic, and computer devices;

19           T.      [Design Mark] registered trademark number 3,568,464, for use

20   on or in connection with electrical and electromagnetic signal transmitting,

21   amplifying, receiving, and converting devices, namely, cables, wires, and

22   connectors for use with electrical, electronic, and computer devices;

23       Attached hereto as Exhibit "A" are true and correct copies of the certificates

24   of registration for each of the Marks that are federally-registered (hereinafter

25   "Plaintiff's Marks).

26       16.    Defendant uses, amongst other things, the Internet auction website

27   known as eBay to sell and distribute products, including counterfeit hard goods

28   bearing Plaintiff's marks, described above, to consumers.  At any given time, there

1  are millions of items listed on eBay for bid or purchase by its more than one
2  million registered users.  Buyers have the option to purchase items in an auction-
3  style format where users bid on products or items can be purchased at a fixed price
4  through a feature referred to as "Buy It Now."  Using another eBay feature referred
5  to as "Feedback," users who have made a purchase on eBay are given the
6  opportunity to post positive, neutral or negative reviews in relation to their buying
7  experience.  While feedback can give some indication of sales volume, empirical
8  evidence shows that actual sales far exceed the number of feedback entries a seller
9  receives.

10      17.    Beginning on a date that is currently unknown to Plaintiff and
11  continuing to the present, Defendant has, without the consent of Plaintiff, offered
12  to sell and sold within the United states (including within this judicial district)
13  goods that were neither made by Plaintiff nor by a manufacturer authorized by
14  Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using
15  reproductions, counterfeits, copies and/or colorable imitations of one or more of
16  the Subject Marks. On information and belief, Plaintiff further alleges that
17  defendant imported said Counterfeit Goods into the United States, or encouraged
18  others to import said Counterfeit Goods into the United States, for the purpose of
19  reselling the Counterfeit Goods in the United States.

20      18.    On December 8, 2010, in its ongoing investigation of counterfeit
21  sales of the Plaintiff's products, Plaintiff purchased a counterfeit "M1000 HDMI
22  Cable 4 Ft." from Defendant, for a cost of $20.95 charged to the PayPal electronic
23  payment account of Plaintiff's investigator.  The Counterfeit Goods were shipped
24  into Los Angeles, California within this Court's jurisdiction.  A true and correct
25  copy of the website purchase receipt is attached hereto as Exhibit "B."
26  ///

27      19.    The product purchased from Defendant was inspected by Plaintiff in
28  Los Angeles, California to determine authenticity.  Plaintiff's inspection of the

1   purchased item using security measures confirmed that the item defendants sold to

2   the investigator was in fact a counterfeit Monster M1000 HDMI 4 Foot Cable.

3       20.   Defendant uses images and names confusingly similar or identical to

4   Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its

5   unauthorized and counterfeit product. Defendants' use of Plaintiff's Marks include

6   importing, advertising, displaying, distributing, selling and/or offering to sell

7   unauthorized copies of Plaintiff's Monster M1000 HDMI 4 Foot Cable.

8   Defendant's use began long after Plaintiff's adoption and use of its trademarks, and

9   after Plaintiff obtained the trademark registrations alleged above.   Neither Plaintiff

10  nor any authorized agents have consented to Defendant's use of Plaintiff's Marks.

11      21.   Defendant's actions have confused and deceived, or threatened to

12  confuse and deceive, the consuming public concerning the source and sponsorship

13  of the counterfeit Monster M1000 HDMI 4 Foot Cable sold and distributed by

14  Defendant. By its wrongful conduct, Defendant has traded upon and diminished

15  Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods by

16  Defendant has infringed upon Plaintiff's federally registered trademarks.

17      22.   Defendant currently has 118 prior sales on eBay for

18  Monster M1000 HDMI 4 Foot Cables. The listing information on these auctions

19  is identical with that of the counterfeit Monster M1000 HDMI 4 Foot Cable

20  purchased from Defendant on December 8, 2010.

21      23.   Defendant's offering to sell, selling, importing and encouraging other

22  to import Counterfeit Goods in this manner was and is likely to cause confusion or

23  to cause mistake and/or to deceive consumers who purchase the Counterfeit Goods.

24      24.   Defendant also offered to sell, sold, imported, and/or encouraged

25  others to import for purpose of resale within the United States Counterfeit Goods

26  consisting of reproductions and/or copies of products bearing Plaintiff's Marks.

27  Defendant's use of such Marks was done without Plaintiff's authorization.

28  ///

1

## FIRST CAUSE OF ACTION

2

**(Trademark Infringement Against Defendant ROBERT KAPLUN, and Does**

3

**1-10, Inclusive)**

4

**[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

5       25.    Plaintiff hereby incorporates by reference each of the other allegations

6    set forth elsewhere in this Complaint as though fully set forth in this cause of

7    action.

8       26.    Defendant's actions as described herein constitute direct and/or

9    contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

10       27.    As a proximate result of Defendant's trademark infringement,

11    Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff

12    alleges on information and belief that, as a proximate result of Defendant's

13    trademark infringement, defendant has unlawfully profited in an amount to be

14    proven at trial.

15       28.    At all relevant times, Defendant acted intentionally and/or willfully in

16    using the Marks on the Counterfeit Goods, knowing that said Marks belonged to

17    Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendant

18    was not authorized to use said Marks on the Counterfeit Goods.  Plaintiff is

19    therefore entitled to recovery of treble damages pursuant to 15 *U.S.C.* §1117(a).

20    Further, Defendant's knowing, intentional and/or willful actions make this an

21    exceptional case, entitling Plaintiff to an award of reasonable attorney fees

22    pursuant to 15 *U.S.C.* §1117(a).

23       29.    Defendant's actions also constitute the use by Defendant of one or

24    more "counterfeit mark" as defined in 15 *U.S.C.* §1116(d)(1)(B). Plaintiff therefore

25    reserves the right to elect, at any time before final judgment is entered in this case,

26    an award of statutory damages pursuant to 15 *U.S.C.* §1117(c)(1) and/or (2).

27    ///

28    ///

30.     The acts of direct and/or contributory trademark infringement committed by Defendant have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendant ROBERT KAPLUN, and Does 1-10, Inclusive)**

**[15 *U.S.C.* §1125 (a)]**

31.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

32.     Defendant's actions as described herein constitute direct and/or contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with Plaintiff and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

33.     As a proximate result of Defendant's violation as described herein, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of defendant's direct and/or contributory trademark infringement, Defendant has unlawfully profited, in an amount to be proven at trial.

34.     Defendant's acts of violating, directly and/or contributorily, Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

///

///

///

1

### THIRD CAUSE OF ACTION

2

**(Dilution Against Defendant ROBERT KAPLUN, and Does 1-10, Inclusive)**

3

**[15 U.S.C. §1125(c)]**

4      35.   Plaintiff hereby incorporates by reference each of the other

5   allegations set forth elsewhere in this Complaint as though fully set forth in this

6   cause of action.

7      36.   Plaintiff's marks are distinctive and famous within the meaning of the

8   Lanham Act.

9      37.   Upon information and belief, Defendant's unlawful actions began

10   long after Plaintiff's mark became famous, and Defendant acted knowingly,

11   deliberately and willfully with the intent to trade on Plaintiff's reputation and to

12   dilute Plaintiff's mark. Defendant's conduct is willful, wanton and egregious.

13      38.   Defendant's intentional sale of fake, pirated and counterfeit items

14   bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,

15   mislead, betray, and defraud consumers to believe that the substandard imitations

16   are genuine products manufactured by Plaintiff. The actions of Defendant

17   complained of herein have diluted and will continue to dilute Plaintiff's marks, and

18   are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and

19   injure the business reputation of Plaintiff and its marks.

20      39.   Defendant's acts have caused and will continue to cause Plaintiff

21   irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully

22   for the damages that have been caused and which will continue to be caused by

23   Defendant's unlawful acts, unless they are enjoined by this Court.

24      40.   As the acts alleged herein constitute a willful violation of section

25   43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to

26   injunctive relief as well as monetary damages and other remedies provided by 15

27   U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendant's profits, treble

28   damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unfair Competition Against ROBERT KAPLUN, and Does 1-10, Inclusive)**

**California Bus. & Professional Code §17200 *et seq.***

41.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

42.     Defendant's actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendant's actions thus constitute "unfair competition" pursuant to *California Business & Professionals Code* §17200.

43.     As a proximate result of Defendant's actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its trademarks. Plaintiff therefore has standing to assert this claim pursuant to *California Business & Professions Code* §17204.

44.     Defendant's actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to *California Business & Professions Code* §17203.  In addition, Plaintiff requests that the Court order that Defendant disgorges all profits wrongfully obtained as a result of Defendant's unfair competition, and order that defendant pay restitution to Plaintiff in an amount to be proven at trial.

///

///

///

1

## FIFTH CAUSE OF ACTION

2

## (Unjust Enrichment Against Defendant ROBERT KAPLUN, and Does 1-10,

3

## Inclusive)

4      45.    Plaintiff hereby incorporates by reference each of the other allegations

5   set forth elsewhere in this Complaint as thought fully set forth in this cause of

6   action.

7      46.    By virtue of the egregious and illegal acts of Defendant as described

8   above, Plaintiff has been unjustly enriched in an amount to proven at trial.

9      47.    Defendant's retention of monies gained through its deceptive business

10   practices, infringement, acts of counterfeit and otherwise would serve to unjustly

11   enrich Defendant and would be contrary to the interests of justice.

12

## REQUEST FOR RELIEF

13      WHEREFORE, Plaintiff hereby respectfully requests the following relief

14   against Defendant ROBERT KAPLUN, and Does 1-10, inclusive, and each of

15   them as follows:

16      1. For an award of Defendant's profits and Plaintiff's damages in an amount

17         to be proven at trial for trademark infringement under 15 U.S.C.

18         §1114(a);

19      2. For an award of Defendant's profits and Plaintiff's damages in an amount

20         to be proven at trial for false designation of origin and unfair competition

21         under 15 U.S.C. §1125(a);

22      3. For an award of Defendant's profits and Plaintiff's damages in an amount

23         to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

24      4. In the alternative to actual damages and Defendant's profits for the

25         infringement and counterfeiting of Plaintiff's trademark pursuant to the

26         Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c),

27         which election Plaintiff will make prior to the rendering of final

28         judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

6. For an injunction by this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

7. For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendant complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

9. For damages in an amount to be proven at trial for unjust enrichment;

10. For an award of exemplary or punitive damages in an amount to be determined by the Court;

11. For Plaintiff's reasonable attorney's fees;

12. For all costs of suit;

13. For such other and further relief as the Court may deem just and equitable.

///

///

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff MONSTER CABLE PRODUCTS, INC., respectfully demands a

3   trial by jury in this action.

4

5   DATED:  December 27, 2010                JOHNSON & PHAM, LLP

6

7

8                                           By: _____

9                                           Christopher Q. Johnson, Esq.
                                            Christopher Q. Pham, Esq.
10                                          Marcus F. Chaney, Esq.
                                            Jason Vener, Esq.
11                                          Attorneys for Plaintiff
                                            MONSTER CABLE PRODUCTS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 2,184,002

Registered Aug. 25, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## MONSTER

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
274 WATTIS WAY
SOUTH SAN FRANCISCO, CA 940806761

FOR: ELECTRICAL AND MUSICAL SIGNAL
TRANSMITTING CABLE AND CONNECTORS,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST   USE   5–18–1978;   IN   COMMERCE
5–19–1978.

SER. NO. 75–332,159, FILED 7–7–1997.

SHAUNIA  WALLACE, EXAMINING ATTOR-
NEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,671,565
Registered Aug. 25, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# Ⅿ MONSTER

MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, CONNECTORS, AND CONTROL
DEVICES FOR USE WITH ELECTRICAL, ELECTRO-
NIC, AND COMPUTER DEVICES; LOUDSPEA-
KERS; STEREO AMPLIFIERS; RECORDING
MEDIA, NAMELY, PRE-RECORDED COMPACT
DISCS AND DVDS FEATURING AUDIO AND VI-
DEO RECORDINGS FEATURING MUSIC AND EN-
TERTAINMENT; TELEPHONE ACCESSORIES,
NAMELY, TELEPHONE CABLES AND CONNEC-
TORS, TELEPHONE HEADSETS, CASES FOR TELE-
PHONES, TELEPHONE CHARGERS AND
VOLTAGE SURGE PROTECTORS; MOBILE PHONE
EQUIPMENT AND ACCESSORIES, NAMELY, MO-
BILE TELEPHONE CABLES, ELECTRICAL POWER
CONNECTORS, MOBILE TELEPHONE CHARGERS,
MOBILE TELEPHONE HEADSETS, AND CASES
FOR MOBILE TELEPHONES; COMPUTER COMPO-
NENTS AND ACCESSORIES, NAMELY, COMPU-
TER COMPONENT CABLES AND CONNECTORS;
AUDIO EQUIPMENT AND ACCESSORIES, NAME-
LY, AUDIO CABLES AND CONNECTORS, SIGNAL
SPLITTERS FOR ELECTRICAL AUDIO APPARA-
TUS, SPEAKERS, BATTERY CHARGERS, FM
RADIO TRANSMITTERS, AND REMOTE CON-
TROLS FOR USE WITH AUDIO AND VIDEO DE-
VICES AND FOR USE WITH WIRELESS LIGHTING
CONTROLLERS; VIDEO EQUIPMENT AND ACCES-
SORIES, NAMELY, VIDEO CABLES AND CONNEC-

TORS, AND VOLTAGE SURGE PROTECTORS;
ELECTRONIC GAME EQUIPMENT AND ACCES-
SORIES, NAMELY, ELECTRONIC GAME CABLES
AND CONNECTORS; ELECTRICAL POWER CON-
TROL COMPONENTS AND ACCESSORIES, NAME-
LY, POWER CABLES, POWER SWITCHES,
CAPACITORS, ELECTRICAL CONNECTORS, ELEC-
TRIC POWER STRIPS, VOLTAGE SURGE PROTEC-
TORS, POWER AMPLIFIERS, CIRCUIT
CHARGERS, CIRCUIT BREAKERS, AND ELEC-
TRIC CONTROL DEVICES FOR ENERGY MAN-
AGEMENT; ENERGY CONDITIONING DEVICES,
NAMELY, POWER LINE CONDITIONERS, VOL-
TAGE CONDITIONERS, VOLTAGE STABILIZERS,
CURRENT STABILIZERS, AND POWER NOISE RE-
DUCTION DEVICES; POWER CELL RECHARGERS;
CONTROL PROTOCOL SOFTWARE FEATURING
INTEROPERABILITY STANDARDS, AND COMPU-
TER HARDWARE AND ELECTRICAL CONTROL-
LERS, FOR CENTRALIZED HOME CONTROL,
NAMELY, FOR CONTROLLING RESIDENTIAL
LIGHTING, AUDIO DEVICES AND VIDEO DEVI-
CES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-15-2002; IN COMMERCE 5-15-2002.

OWNER OF U.S. REG. NOS. 1,336,372, 2,724,015
AND OTHERS.

THE MARK CONSISTS OF A STYLIZED LETTER
"M" FOLLOWED BY THE WORD "MONSTER".

SER. NO. 77-394,667, FILED 2-12-2008.

ANDREW RHIM, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 2,799,884
Registered Dec. 30, 2003

## TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: ELECTRICAL AND OPTICAL CABLES,
WIRES AND CONNECTORS FOR USE WITH
AUDIO AND VIDEO COMPONENTS, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-15-2002; IN COMMERCE 5-15-2002.

SER. NO. 76-440,660, FILED 8-15-2002.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 2,774,858
Registered Oct. 21, 2003

## TRADEMARK
### PRINCIPAL REGISTER

# MONSTER

MONSTER CABLE PRODUCTS. INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: ELECTRICAL AND OPTICAL CABLES,
WIRES AND CONNECTORS FOR USE WITH
AUDIO AND VIDEO COMPONENTS, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-1998; IN COMMERCE 12-31-1998.

OWNER OF U.S. REG. NOS. 2,606,971 AND
2,757,745.

SER. NO. 76-422,059. FILED 6-17-2002.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 2,724,015
Registered June 10, 2003

### TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: ELECTRICAL CABLES, CONNECTORS
AND CONTROL DEVICES FOR USE WITH AUDIO

AND VIDEO COMPONENTS, IN CLASS 9 (U.S. CLS.
21, 23, 26, 36 AND 38).

FIRST USE 3-14-2002; IN COMMERCE 3-14-2002.

SER. NO. 76-440,986, FILED 8-16-2002.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21 and 36

**United States Patent and Trademark Office**  Reg. No. 1,340,229
Registered June 11, 1985

## TRADEMARK
### PRINCIPAL REGISTER

## MONSTER CABLE

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
101 TOWNSEND STREET
SAN FRANCISCO, CA 94107

FOR: MUSICAL AND VOICE SIGNAL
TRANSMITTING CABLE AND CONNECTORS
THEREFOR, IN CLASS 9 (U.S. CLS. 21 AND 36).
FIRST USE 5–18–1978; IN COMMERCE
5–18–1978.

OWNER OF U.S. REG. NO. 1,144,700.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CABLE", APART FROM THE
MARK AS SHOWN.

SER. NO. 465,419, FILED 2–13–1984.

J. TINGLEY, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,807,024**
**Registered June 22, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER CABLE PRODUCTS, INC. (CALIFORNIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 94005

FOR: HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-16-2008; IN COMMERCE 12-16-2008.

THE MARK CONSISTS OF A STYLIZED REPRESENTATION OF THE LETTER "M".

SER. NO. 77-889,118, FILED 12-8-2009.

CAROLYN CATALDO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

HDR Home

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

Reg. No. 1,342,164
Registered June 18, 1985

### TRADEMARK
### PRINCIPAL REGISTER

## MONSTER CABLE

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
101 TOWNSEND STREET
SAN FRANCISCO, CA 94107

FOR: ELECTRICAL SIGNAL TRANSMIT-
TING CABLE AND CONNECTORS THERE-
FOR, IN CLASS 9 (U.S. CL. 21).
FIRST USE 5-18-1978; IN COMMERCE
5-19-1978.

OWNER OF U.S. REG. NO. 1,144,700.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CABLE", APART FROM THE
MARK AS SHOWN.

SER. NO. 465,662, FILED 2-14-1984.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

Reg. No. 1,513,402
Registered Nov. 22, 1988

### TRADEMARK
### PRINCIPAL REGISTER

## M1000

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
101 TOWNSEND STREET
SAN FRANCISCO, CA 94107

FOR: ELECTRICAL SIGNAL TRANSMIT-
TING CABLES, IN CLASS 9 (U.S. CL. 21).

FIRST USE 11-19-1986; IN COMMERCE
11-19-1986.

SER. NO. 683,261, FILED 9-9-1987.

J. TINGLEY, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,641,404
Registered June 16, 2009

## TRADEMARK
## SUPPLEMENTAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

THE MARK CONSISTS OF THE CONFIGURA-
TION OF AN ELECTRICAL CABLE CONNECTOR
SHELL. THE DOTTED LINES IN THE DRAWING
REPRESENT ELECTRICAL CABLING AND THE
MALE CONNECTIVE FITTING BUT ARE NOT
PART OF THE MARK.

SER. NO. 77-391,583, FILED P.R. 2-7-2008; AM. S.R.
5-12-2009.

ANDREW RHIM, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,641,405
Registered June 16, 2009

## TRADEMARK
### SUPPLEMENTAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 1-1-2007; IN COMMERCE 1-1-2007.

THE MARK CONSISTS OF THE CONFIGURA-
TION OF AN ELECTRICAL CABLE CONNECTOR
SHELL. THE DOTTED LINES IN THE DRAWING
REPRESENT ELECTRICAL CABLING AND THE
MALE CONNECTIVE FITTING, BUT NOT PART OF
THE MARK.

SER. NO. 77-391,607, FILED P.R. 2-7-2008; AM. S.R.
5-12-2009.

ANDREW RHIM, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

Reg. No. 1,623,331
Registered Nov. 20, 1990

### TRADEMARK
### PRINCIPAL REGISTER

## MSERIES

MONSTER CABLE PRODUCTS, INC. (CALI-
FORNIA CORPORATION)
101 TOWNSEND STREET
SAN FRANCISCO, CA 94107

FOR: ELECTRICAL SIGNAL TRANSMIT-
TING CABLES FOR HOME AUDIO AND
HOME VIDEO SYSTEMS, IN CLASS 9 (U.S. CL.
21).

FIRST USE 12-4-1986; IN COMMERCE
12-4-1986.

SER. NO. 73-698,143, FILED 11-30-1987.

MARY FRANCES BRUCE, EXAMINING AT-
TORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 3,562,252
Registered Jan. 13, 2009

### TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

OWNER OF U.S. REG. NOS. 2,220,851, 2,728,729,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ULTIMATE HIGH SPEED" AND
"14.9 GBPS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,180, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,562,253
Registered Jan. 13, 2009

## TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

OWNER OF U.S. REG. NOS. 2,220,851, 2,728,729,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STANDARD SPEED" AND "2.23
GBPS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,186, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

TDR Home

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,562,255
Registered Jan. 13, 2009

SERVICE MARK
PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: WARRANTY SERVICES, IN CLASS 36 (U.S.
CLS. 100, 101 AND 102).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "FULL LIFETIME WARRANTY",
APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,213, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,562,256
Registered Jan. 13, 2009

TRADEMARK
PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

OWNER OF U.S. REG. NOS. 2,220,851, 2,728,729,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CABLE" AND "PERFORMANCE
GUARANTEED", APART FROM THE MARK AS
SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,218, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 3,562,257

Registered Jan. 13, 2009

### TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

OWNER OF U.S. REG. NOS. 2,220,851, 2,728,729,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "FULL LIFETIME WARRANTY",
APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,224, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,562,258
Registered Jan. 13, 2009

TRADEMARK
PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

OWNER OF U.S. REG. NOS. 2,220,851, 2,728,729,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "HIGH SPEED" AND "4.95 GBPS",
APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,241, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

TDR Home

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,568,463
Registered Jan. 27, 2009

## TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

OWNER OF U.S. REG. NOS. 2,220,851, 2,728,729,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ULTRA-HIGH SPEED" AND "10.2
GBPS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,199, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,568,464
Registered Jan. 27, 2009

## TRADEMARK
### PRINCIPAL REGISTER



MONSTER CABLE PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
455 VALLEY DRIVE
BRISBANE, CA 940051209

FOR: ELECTRICAL AND ELECTROMAGNETIC
SIGNAL TRANSMITTING, AMPLIFYING, RECEIV-
ING, AND CONVERTING DEVICES, NAMELY,
CABLES, WIRES, AND CONNECTORS FOR USE
WITH ELECTRICAL, ELECTRONIC, AND COMPU-
TER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ADVANCED HIGH SPEED" AND
"6.68 GBPS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELE-
MENT ON A STYLIZED DESIGN.

SN 77-346,206, FILED 12-6-2007.

JOHN WILKE, EXAMINING ATTORNEY

EXHIBIT B



**PayPal**

Transaction Details

eBay Payment Sent (Unique Transaction ID #5AX204061P6217782M)

**Original Transaction**

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 8, 2010 | Payment To Robert Kaplun | Completed | -- | -$20.95 USD |

**Related Transaction**

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 8, 2010 | Add Funds from a Bank Account | Completed | Listen | $20.95 USD |

Total Amount: -$20.95 USD
Fee amount: $0.00 USD
Net amount: -$20.95 USD
Date: Dec 8, 2010
Time: 18:04:58 PST
Status: Completed

| Item # | Item Title | Qty | Price | Subtotal |
|--------|-----------|-----|-------|----------|
| 110522025090 | Monster Cable M1000 HDMI cable 4 feet BRAND NEW | 1 | $20.95 USD | $20.95 USD |

Shipping & Handling via Standard Delivery
(includes any seller handling fees): --
Shipping Insurance: --
Total: $$$$$ USD

Shipping Address: Anne Garb
23879 Calabasas Rd
Apt 750
Calabasas, CA 91302-1502
United States

Payment To: Robert Kaplun   (The recipient of this payment is Verified)
Seller's ID: wadyf.32000
Seller's Email: rr.kaplun@gmail.com

Funding Type: Instant Transfer
Funding Source: $20.95 USD - Chase Checking (Confirmed) x-2785
Back Up Funding Source: Visa Card XXXX-XXXX-XXXX-9066

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller,
go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues
directly with the seller whenever possible.

Description: Robert Kaplun

[ Return to My Account ]

About Us  Contact Us  Legal Agreements  Privacy  Fees  Site Feedback  ↕

Information about FDIC pass-through insurance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV10- 10017 AHM (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN:222698
Christopher Q. Pham, SBN: 206697
6355 Topanga Canyon Blvd., Suite 115
Woodland Hills, CA 91367
Tel. No.: (818) 888-7540 Fax : (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California Corporation<br><br>**PLAINTIFF(S)**<br>v.<br><br>ROBERT KAPLUN, an Individual and DOES 1-10, Inclusive,<br><br>**DEFENDANT(S).** | CASE NUMBER<br><br>CV 10-10017  AHm (PLAx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>ROBERT KAPLUN, an Individual and DOES 1-10 Inclusive,</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Christopher Pham, Esq.</u>_____, whose address is <u>6355 Topanga Canyon Blvd., Suite 115, Woodland Hills, CA 91367</u>_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __12·29·10__

By: _____
**TANYA DURANT**
Deputy Clerk

*(Seal of the Court)*   1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MONSTER CABLE PRODUCTS, INC., a California Corporation

**DEFENDANTS**
ROBERT KAPLUN, an Individual and DOES 1-10, Inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JOHNSON & PHAM, LLP
6355 Topanga Canyon Boulevard, Suite 115, Woodland Hills, CA 91367
Tel. No.: (818) 888-7540 Fax: (818) 888-7544

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights | | |

---

**FOR OFFICE USE ONLY:** Case Number: CV 10-10017

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nassau County, NY |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |